Corbis Corporation vs. Arnold Moving Company, LLC — Doc. 1

Case 2:07-cv-01563-LEW-GGH   Document 1   Filed 08/01/2007   Page 1 of 6

1  KATHRYN J. FRITZ (CSB NO. 148200)
   AARON K. PERZANOWSKI (CSB NO. 244921)
2  FENWICK & WEST LLP
   555 California Street, 12th floor
3  San Francisco, CA  94104
   Telephone: (415) 875-2300
4  Facsimile:  (415) 281-1350

5  Attorneys for Plaintiff
   Corbis Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CORBIS CORPORATION, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT** |
| v. | |
| ARNOLD MOVING COMPANY, LLC, a Limited Liability Company dba STERLING INTERNATIONAL, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Corbis Corporation ("Corbis"), through its attorneys, alleges as its complaint against Defendant Arnold Moving Company, LLC dba Sterling International ("Sterling"), as follows:

**INTRODUCTION**

1.    Corbis is a leading visual-solutions provider, licensing images that enable publishers, advertising and design agencies, filmmakers, and other creative professionals to tell their stories with impact extending beyond words.  Recently, at least eight images from the Corbis collections were misappropriated, and used in at least twenty instances, without license or permission—contrary to the rights of Corbis and of the photographers that Corbis represents. Such images were reproduced, displayed, distributed, and otherwise misused—in pursuit of profit—on Defendant's website without any payment of compensation to Corbis for their use.

Because Defendant Sterling has failed to satisfactorily respond to Corbis' good-faith demand, further attempts to informally resolve this dispute are futile, and Corbis files this action for (i) copyright infringement under 17 U.S.C. § 501, *et seq.* and (ii) violation of the Digital Millennium Copyright Act ("DMCA") under 17 U.S.C. § 1201, *et seq.*

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright), as this action involves claims brought under federal law and the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.* This Court has personal jurisdiction over Defendant as it does business, including actively soliciting customers and retaining the services of a web developer who took part in Defendant's course of infringing activity, in the State of California.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because the Defendant or its agent may be found within this district, and a substantial part of the events giving rise to the claims described herein, including acts of infringement, occurred in this District.

## PARTIES

4. Corbis is a Washington corporation with a principal place of business at 710 2nd Avenue, Suite 200, Seattle Washington. Corbis' Los Angeles office is located at 3455 S. La Cienega Boulevard, Los Angeles, California.

5. Upon information and belief, Sterling is a Kentucky Limited Liability Company with a principal place of business at 5200 Interchange Way, Louisville, Kentucky.

## BACKGROUND

6. Corbis is in the business of licensing photographs and fine art images on behalf of itself and the photographers and other licensors it represents. Corbis offers a preeminent collection of more than 100 million creative, entertainment and historic images and serves more than 50 countries worldwide. Generally, the images in Corbis' collections were taken by professional photographers who earn most or all of their livelihoods from the licensing fees Corbis is able to obtain for their images. Corbis' collections highlight well-known photographers and some of the most recognized images in contemporary society, including cutting-edge

2

contemporary creative imagery, and images from cultural institutions, museums and photojournalists. Its customers include thousands of leading print, interactive and broadcast advertising agencies, direct marketing agencies, corporations, small and medium sized businesses, publishers and media companies.

7. The images in Corbis' collection are the subject of copyright protection under the laws of the United States. Corbis has protected the images in its collection and subject of this action by systematically registering the copyrights thereto.

8. Corbis owns and operates a website located at the Internet address www.corbis.com ("Corbis Website"). At the Corbis Website, users are able to search hundreds of thousands of images from Corbis' collection and then pay to license the images for specific commercial uses.

9. Upon information and belief, Sterling owns, operates, and maintains a website located at www.sterlinginternational.com ("Sterling Website"). The Sterling Website, which is highly interactive and transmitted nationwide via the Internet, advertises and otherwise offers Sterling's services and enables its customers to solicit estimates for its services.

10. Upon information and belief, in or around June, 2004 Sterling retained Charles West, an individual doing business as WebTamers Web Promotion, residing and principally transacting business at 5371 Terrace Oak Cir., Fair Oaks, California, to redesign the Sterling Website.

11. Upon information and belief, Sterling had the right and ability to supervise and control the activities of West and derived direct financial benefit from West's services, including any resulting website or website modifications.

12. Upon information and belief, in or around June 2004 and potentially on various other occasions, Defendant and/or its agents visited the Corbis Website and—without authorization—copied and/or downloaded Corbis images that had previously been registered with the United States Copyright Office.

13. Defendant and/or its agents then copied and/or uploaded Corbis images onto the Sterling Website without authorization and without paying for them.

3

14. The same Corbis images were reproduced, displayed and distributed to the public on the Sterling Website as part of that site's marketing and advertising material in an effort to attract business.

15. In or around January 2007, Corbis provided written notice advising Sterling of its unauthorized use of the Corbis images. Despite this notice, Sterling's infringing behavior continued unabated for several months. At all relevant times hereto, the Defendant publicly displayed the Corbis Images on its Website without license or other authorization from Corbis.

16. Attached as Exhibit A is a representative, non-exhaustive sample of true and correct copies of presently known Corbis images registered with the Copyright Office ("Corbis Images"), with screen shots taken from the Sterling Website depicting some of Defendant's unauthorized uses of the Corbis Images.

17. Attached as Exhibit B is a chart identifying the United States Copyright Office registration certificate numbers and registration dates for the Corbis Images displayed in Exhibit A, evidencing that Corbis owns or controls the registered copyrights to these images that were copied and displayed on the Sterling Website.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## [17 U.S.C. § 501]

18. Corbis repeats and realleges the allegations of Paragraphs 1 through 17 as if fully set forth herein.

19. Corbis holds valid and exclusive registered copyrights to the Corbis Images that are the subject of this action and that are evidenced by the copyright registration certificates referenced by Exhibit B.

20. Defendant and/or its agents reproduced, distributed, displayed, and created derivative works of those Corbis Images without Corbis' authorization.

21. The actions and conduct of Defendant as described above, directly, contributorily, and/or vicariously infringe the exclusive rights of Corbis granted by Section 106 of the Copyright Act, 17 U.S.C. § 106, to display, reproduce, distribute and create derivative works based on

Corbis' registered copyrighted works.

22.　Such actions and conduct by Defendant constitute copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. § 501.

23.　As a result of the copyright infringement described above, Corbis is entitled to relief against Defendant including, but not limited to, injunctive relief, actual damages or statutory damages, statutory costs and attorneys' fees, and prejudgment interest.

### SECOND CLAIM FOR RELIEF
### REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
### [17 U.S.C. § 1202]

24.　Corbis repeats and realleges the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25.　All of the Corbis Images that are the subject of this lawsuit were displayed on the Corbis Website with corresponding copyright management information ("CMI") indicating Corbis' control of rights in such images.

26.　Upon information and belief, when Defendant and/or its agents duplicated and displayed the subject images on the Sterling Website, they intentionally removed the CMI from each of the original Corbis images used by Defendant.

27.　Upon information and belief, when Defendant and/or its agents distributed and publicly displayed the Corbis Images and copies thereof on the Sterling Website, they knew that CMI had been removed or altered without authority of Corbis, the entity that controlled the copyrights.

28.　Defendant and/or its agents knew or had reasonable grounds to know that its conduct specified in the prior two paragraphs would induce, enable, facilitate or conceal Defendant's infringement of copyrights, as described above.

29.　Defendant's conduct therefore constitutes a violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b).

30.　As a result of the conduct described above, Corbis is entitled to relief against Defendant, including, without limitation, injunctive relief, actual damages or statutory damages in

the amount of up to $25,000 per violation, statutory costs and attorneys' fees, and prejudgment interest.

**RELIEF REQUESTED**

WHEREFORE, Corbis prays for relief as follows:

1. For orders temporarily, preliminarily, and then permanently enjoining Defendant from infringing Corbis' copyrighted images pursuant to Section 502 of the Copyright Act, 17 U.S.C. § 502, and permanently enjoining Defendant from displaying Corbis' copyrighted images pursuant to the DMCA, 17 U.S.C. § 1203(b);

2. For an award of Defendant's profits and for damages in such amount as may be found, or for statutory damages of (a) not less than $750 or more than $30,000 per image pursuant to 17 U.S.C. § 504(c)(1) or, upon a finding of willful infringement pursuant to 17 U.S.C. § 504(c)(2), up to $150,000 per image, and (b) not less than $2,500 or more than $25,000 per image pursuant to 17 U.S.C. § 1203(c)(3)(B);

3. For an award of costs, pursuant to 17 U.S.C., Sections 505 and 1203(b)(4);

4. For an award of reasonable attorneys' fees, pursuant to 17 U.S.C., Sections 505 and 1203(b)(5);

5. For an award of prejudgment interest on the amount of any award to Plaintiff; and

6. For such other and further relief as the Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff Corbis hereby requests a trial by jury of all issues so triable.

Dated:   August 1, 2007           FENWICK & WEST LLP


                                  By: s/ Kathryn J. Fritz
                                       Kathryn J. Fritz

                                  Attorneys for Plaintiff
                                  CORBIS CORPORATION

23819/00401/LIT/1267192.5