Corbis Corporation vs. Arnold Moving Company, LLC    Doc. 12

Case 2:07-cv-01563-LEW-GGH    Document 12    Filed 09/05/2007    Page 1 of 8

GUY W. STILSON, # 142194
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634

Attorneys for Defendant
A ARNOLD MOVING COMPANY
(incorrectly named as ARNOLD MOVING COMPANY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORBIS CORPORATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>ARNOLD MOVING COMPANY, LLC, a Limited Liability Company dba STERLING INTERNATIONAL,<br><br>                    Defendants. | Case No. 2:07-CV-01563-LEW-GGH<br><br>**ANSWER OF A. ARNOLD MOVING COMPANY; DEMAND FOR JURY TRIAL** |

Defendant A. ARNOLD MOVING COMPANY, LLC d/b/a STERLING INTERNATIONAL, incorrectly sued as ARNOLD MOVING COMPANY, answers and alleges as follows:

**INTRODUCTION**

1. Answering paragraph 1, Defendant admits Corbis is in the business of licensing images; Defendant admits it hired a third-party service provider, WebTamers, to improve Defendant's visibility with regard to search engines, and that WebTamers made certain changes to and placed certain information on computer servers that were owned or operated by Defendant, and that this information included images which Plaintiff claims various rights in; Defendant admits that it did not make any direct payment to Corbis for the use of these images; Defendant admits that Plaintiff contacted it prior to filing this action and requested that Defendant pay an amount of

-1-
ANSWER OF A. ARNOLD MOVING COMPANY; DEMAND FOR JURY TRIAL
J:\1160\sf0022\Pleadings\P-Answer 001.wpd

money to resolve the claim but denies that Plaintiff's efforts were in good faith as Defendant made good-faith offers (such offers based on Defendant's understanding of the amount of an appropriate license fee, to which was added what Defendant believed was a more than reasonable amount for attorney fees incurred by Plaintiff) and invited Plaintiff to engage in mediation, but Plaintiff failed to accept any of the offers and refused to engage in mediation and instead of continuing discussions with Defendant aimed at resolving this matter and by way of responding to Defendant's offer, filed this action; Defendant admits that Plaintiff has filed this action and that the action purports to allege copyright infringement under 17 U.S.C. §501, *et seq.* and violation of the Digital Millennium Copyright Act under 17 U.S.C. §1201 *et seq.*; otherwise, Defendant denies the allegations contained in Paragraph 1 of the complaint.

## JURISDICTION AND VENUE

2. Answering paragraph 2, Defendant admits this court has subject matter jurisdiction over this dispute, but denies the remainder of the paragraph; specifically, Defendant denies that this court has personal jurisdiction over it and denies that its contacts with the area over which this court has jurisdiction are sufficient to establish personal jurisdiction.

3. Answering paragraph 3, Defendant denies the allegations of the paragraph and asserts that venue in this district is improper.

## PARTIES

4. Answering paragraph 4, Defendant is informed and believes that Plaintiff is a Washington Corporation and on that basis admits that portion of paragraph 4 of the complaint. Defendant has no knowledge regarding the remainder of paragraph 4 of the complaint and on that basis denies the remainder of the paragraph.

5. Answering paragraph 5, Defendant admits Sterling is a division of A. Arnold Moving Company and has its principal place of business at 5200 Interchange Way, Louisville, Kentucky.

## BACKGROUND

6. Answering paragraph 6, Defendant admits that Plaintiff is in the business of licensing images, but Defendant has insufficient knowledge as to the remainder of the allegations of paragraph 6 of the complaint, and on that basis denies same.

7. Defendant has insufficient knowledge regarding the allegations of paragraph 7 of the complaint and on that basis denies same.

8. Answering paragraph 8, Defendant admits that a website exists at the Internet address www.corbis.com and that users of the website are able to search many images and to pay to license images for commercial uses, but Defendant denies the remainder of the allegations of paragraph 8 of the complaint due to lack of knowledge.

9. Answering paragraph 9, Defendant admits that it owns and operates a website located at www.sterlinginternational.com which can be accessed by anyone having an appropriate Internet connection, that the website provides information about some of Defendant's services as well as general information and tips regarding moving and that users can use the website and information thereon to contact Defendant or request an estimate for Defendant's services, but Defendant denies that the website is "highly" interactive and otherwise denies the allegations of paragraph 9 of the complaint.

10. Answering paragraph 10, Defendant admits that it hired an independent contractor which called itself "WebTamers Web Promotion" and/or "Website Marketing, Inc." that a person who has been identified as Charles West appeared to be a principal of the business, and that the business' billing address was in Fair Oaks, California, but otherwise denies the allegations of this paragraph for lack of knowledge.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Answering paragraph 14, Defendant admits that certain images in which Corbis claims an interest were displayed in connection with search engine results pages which pointed to Defendant's website but denies that the images were displayed on Defendant's website *per se*, and otherwise denies the allegations of paragraph 14 of the complaint for lack of knowledge.

15. Answering paragraph 15, Defendant admits that in or around January 2007, Plaintiff provided written notice that some allegedly infringing activity was taking place, but Plaintiff did not provide complete specification of the allegedly infringing activity, which images were allegedly

infringing, or where those images were located. Defendant took action with regard to the locations Plaintiff specified as making use of its images. Defendant admits that it did not have a license directly from Plaintiff to use or display the images that are the subject of this action but does not know whether the independent contractor who apparently placed the images had a sufficient license for the use complained of in this action or whether a license was required at all; Defendant denies the remaining allegations of paragraph 15 of the complaint.

16. Answering paragraph 16, Defendant admits that Exhibit A includes screen shots that appear to be taken from Defendant's pages on Defendant's server, but not from its website (as Defendant understands the term), and otherwise denies the allegations of paragraph 16 of the complaint due to lack of knowledge.

17. Defendant has insufficient knowledge or belief to admit or deny the allegations of paragraph 17 of the complaint, and on that basis denies same.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**[17 U.S.C. §501]**

18. Answering paragraph 18, Defendant admits that Plaintiff realleges various allegations in paragraph 18 of the complaint and Defendant incorporates its responses to each of said allegations as set forth above, but otherwise denies this allegation.

19. Answering paragraph 19, Defendant has insufficient knowledge to admit or deny the allegations and on that basis denies them.

20. Answering paragraph 20, Defendant admits that through pages on its server it made available to users of various search engines the images which are the subject of this action and that it did not obtain direct authorization from Corbis to do so, but does not know whether such acts violated Plaintiff's rights in any way and denies that it had knowledge that its acts constituted a violation of Plaintiff's rights and states that upon learning of Plaintiff's claims, Defendant took action that was reasonably calculated to and which Defendant believed would end any possible violation of Plaintiff's rights.

21. Defendant denies the allegations of paragraph 21 for lack of knowledge.

22. Defendant denies the allegations of paragraph 22 for lack of knowledge.

23. Answering paragraph 23, based upon lack of knowledge, Defendant denies it has infringed Plaintiff's copyrights and denies that Plaintiff is entitled to relief including injunctive relief and/or actual or statutory damages; also, Defendant denies that Plaintiff is entitled to statutory costs, attorneys' fees and/or prejudgment interest.

## SECOND CLAIM FOR RELIEF
## REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
## [17 U.S.C. §1202]

24. Answering paragraph 24, Defendant admits that Plaintiff realleges various allegations in paragraph 24 of the complaint and Defendant incorporates its responses to each of said allegations as set forth above, but otherwise denies this allegation.

25. Defendant denies the allegations of paragraph 25 for lack of knowledge.

26. Answering paragraph 26, Defendant admits that the images which are the subject of this action which were displayed in connection with the use of certain Internet search engines did not contain CMI, but Defendant denies that it or its agent removed CMI from any of said images, and otherwise denies the allegations of the paragraph for lack of knowledge.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

## AFFIRMATIVE DEFENSES

1. If Defendant should be found to have engaged in any infringing action, which action Defendant denies, Defendant's actions, in the alternative, constituted and were innocent infringement as Defendant was unaware of the infringing activity and/or had a belief reasonably held that its actions were in accordance with the law and existing agreements or understandings.

2. The alleged damages sustained by Plaintiff, if any, are the proximate result of the acts and/or omissions of third parties for whom Defendant is not legally responsible.

3. Plaintiff has failed to join indispensable parties as required by F.R.C.P. 19, and the matter should

1. be dismissed pursuant to F.R.C.P. 12(b)(7).

4. Actual damages, if any, should be limited to the actual and normal license fees for the images as used.

5. Plaintiff's copyrights are invalid.

6. This court lacks personal jurisdiction over Defendant. Defendant does not have sufficient contacts with California to be subject to personal jurisdiction in California in this action.

7. Venue in this court and district is improper.

8. Plaintiff's claims are barred in whole or part by license.

9. Plaintiff's claims are barred in whole or part by estoppel.

10. Plaintiff's claims are barred in whole or part by waiver.

11. Plaintiff is barred from obtaining the relief requested under the doctrine of unclean hands.

12. For at least some of the works at issue, Plaintiff has failed to satisfy the requirement of 17 U.S.C. §411(a) that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."

13. Plaintiff is not entitled to statutory damages or attorneys' fees because Plaintiff did not register its claims of copyright prior to Defendant's alleged infringements or within three months after first publication.

14. No act or omission by Defendant or any person or entity for whose acts Defendant is responsible, actually or proximately caused or contributed to the loss or damage for which recovery is sought herein.

15. Plaintiff's claims for damages are unenforceable in whole or in part because permitting such enforcement would be in violation of law and/or unjustly enrich Plaintiff and would therefore be unconscionable and contrary to public policy.

16. If it is found there was an infringement, which Defendant denies, Plaintiff's images were part of a single compilation or a limited number of compilations and Plaintiff should only be entitled to a single or otherwise limited statutory damage award.

17. Prior to Plaintiff's filing of this complaint, Defendant requested information regarding Plaintiff's claims, but Plaintiff failed to provide the requested information and/or only provided sporadic

and incomplete information, and by reason of the failure of Plaintiff to provide the information requested, any infringement continued for longer than it would have if Plaintiff had provided the requested information; by reason of Plaintiff's actions, Defendant contends that any award of damages, attorneys' fees or costs to which Plaintiff might otherwise be entitled, should be reduced or eliminated.

18. Prior to Plaintiff's filing of this complaint, Defendant requested information regarding Plaintiff's alleged damages, but Plaintiff failed to provide the requested information and/or only provided sporadic and incomplete information, and by reason of the failure of Plaintiff to provide the information requested, Defendant was unable to determine and offer to pay an appropriate license fee for the images which are the subject of this action (Plaintiff having claimed the license fee offered by Defendant was incorrect and improperly calculated, but having to failed to advise of how to make the proper calculation or what the result of a proper calculation would be); by reason of Plaintiff's actions, Defendant contends that any award of damages, attorneys' fees or costs to which Plaintiff might otherwise be entitled, should be reduced or eliminated.

19. Service of process was insufficient.

20. Plaintiff has suffered no damages.

21. At all times, Defendant acted in a commercially reasonable and lawful manner.

22. Plaintiff's claims are barred by prior use and/or registration.

23. The alleged use of the subject images was a fair use.

24. Plaintiff has failed to timely mitigate its damages.

25. Defendant reserves its right to alter, amend, or add to, upon discovery of further information, this answer and statement of affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

A. That Plaintiff take nothing by its complaint;

B. That if copyright infringement is found against Defendant, that Defendant be determined to be an "innocent infringer" and damages against Defendant limited in accordance therewith;

C. That Plaintiff's complaint be dismissed with prejudice;

ANSWER OF A. ARNOLD MOVING COMPANY; DEMAND FOR JURY TRIAL

J:\1160\sf0022\Pleadings\P-Answer 001.wpd

1    D.     That Defendant be awarded its costs, including a reasonable attorney's fee;

2    E.     For such other and further relief as the court deems just and proper.

Respectfully submitted,

LOW, BALL & LYNCH

September 5, 2007

By _____
Guy W. Stilson
Attorneys for Defendant
A. ARNOLD MOVING COMPANY

### DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial regarding all issues in this action which may be appropriately tried to a jury.

Respectfully submitted,

LOW, BALL & LYNCH

September 5, 2007

By _____
Guy W. Stilson
Attorneys for Defendant
A. ARNOLD MOVING COMPANY

-8-

ANSWER OF A. ARNOLD MOVING COMPANY; DEMAND FOR JURY TRIAL

J:\1160\sf0022\Pleadings\P-Answer 001.wpd